Thirukkamar **SELVARATNAM,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 02–71060.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 20, 2003.

Jesse A. Moorman, Esq., Judith L. Wood, Esq., Los Angeles, CA, for Petitioner.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Cindy S. Ferrier, Office of Immigration Litigation, Washington, DC, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., John C. Cunningham, Esq., Jeffrey J. Bernstein, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Thirukkamar Selvaratnam, a Tamil and a citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' dismissal of an Immigration Judge's denial of his claim for asylum, withholding of removal, and relief under the Torture Convention.[1] We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th

Cir.1995). Credibility determinations are judged by the same basic standard. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002); *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000); *de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). In that area, however, we have added that the determination " 'must be supported by a specific, cogent reason.' " *de Leon–Barrios*, 116 F.3d at 393 (citation omitted); *see also Gui*, 280 F.3d at 1225; *Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir.1999).

Here Selvaratnam's claim failed because the BIA, in reliance on the IJ's decision, determined that Selvaratnam was not credible. We are unable to say that the determination was not supported by substantial evidence in the record. His inconsistencies went to the very heart of his asylum claim. *See de Leon–Barrios*, 116 F.3d at 394. For example, when he arrived at the airport in Honolulu, he said that he had not been arrested or confined in a jail or prison, but suggested that persecution might occur in the future. That alone is not dispositive. *See Singh v. INS*, 292 F.3d 1017, 1021–24 (9th Cir. 2002). But he attempted to explain that omission with contradictory statements, *viz.*, (1) he did so state, but it was not taken down; (2) he did not so state because he was afraid that he might be sent back to Sri Lanka, and he did not want to insult his government; (3) he feared that the INS would beat him. Moreover, his story about the severity of the torture to which he was subjected seemed to grow over time. The grossest part was not contained in earlier statements, or in his asylum application, or even, apparently, initially recounted to his attorney. It did not come out until the hearing itself.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

On this record, we cannot say that "no reasonable factfinder could fail to find" him credible. *Elias–Zacarias,* 502 U.S. at 484, 112 S.Ct. at 817. Thus, the BIA could properly determine that he was not eligible for asylum.[2]

Nor did the BIA err when it determined that Selvaratnam was not entitled to relief under the Torture Convention. It is true that the standard under that Convention is not identical with the standard for asylum, and a person's lack of credibility might result in denial of relief under the latter without absolutely foreclosing relief under the former. *See Kamalthas v. INS,* 251 F.3d 1279, 1282–84 (9th Cir.2001). However, on the information in this record, we cannot say that Selvaratnam has demonstrated that it is more likely than not that he would be tortured if returned to Sri Lanka. *See* 8 C.F.R. § 208.16(c)(2).

Petition DENIED.

---

**2.** Because Selvaratnam did not meet the requirements for eligibility for asylum, he was not entitled to withholding of removal either. *See Ghaly,* 58 F.3d at 1429.